```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW HAMPSHIRE
```

Kmart Corporation

    v.                                                  Civil No. 09-cv-167-JL
                                                       Opinion No. 2010 DNH 030

R.K. Hooksett, LLC,
Merchants Plaza, LLC,
MRAC, LLC

**MEMORANDUM ORDER**

     Since experiencing a number of instances of flooding at its store in Hooksett, New Hampshire, Kmart Corporation has sued its landlord at that location, R.K. Hooksett, LLC, and two owners of adjacent property, Merchants Plaza, LLC and MRAC, LLC. Kmart alleges that Merchants Plaza and MRAC made improvements to their properties that caused surface water to enter its store, amounting to either trespass or negligence. MRAC has moved to dismiss those counts for failing to state a claim for relief. See Fed. R. Civ. P. 12(b)(6). This court has jurisdiction over this action between Kmart, an Illinois corporation with its principal place of business in Michigan, and the defendants, limited liability companies whose members are citizens of neither of those states, under 28 U.S.C. § 1332(a)(1) (diversity). The motion is denied.

     Kmart, whose store is located at 1267 Hooksett Road, alleges that MRAC owns property at 1271 Hooksett Road, the site of a car

dealership.  The complaint states that MRAC paved certain areas of its property, with the result that stormwater was directed toward the Kmart, but (a) failed to install sufficient drainage to prevent that from happening, (b) failed to maintain the drainage system to prevent water from backing up or otherwise diverting toward the Kmart, or (c) installed a system that allowed water to back up toward the Kmart.  In fact, Kmart alleges, these actions directly and proximately caused water to enter its store on a number of occasions, damaging its merchandise and trade fixtures and interrupting its business.

   Kmart claims that MRAC "knew or should have known, to a substantial certainty," that its actions "would interfere with Kmart's property interest," amounting to trespass (count 13).  In the alternative, Kmart claims that MRAC's actions breached its "duty to maintain and construct" its improvements "in a reasonable manner so as to avoid damaging property interests in neighboring property," amounting to negligence (count 14).  MRAC, in moving to dismiss, argues that Kmart has not "plausibly alleged" those claims because it has failed to describe MRAC's actions "with sufficient specificity"--particularly in light of

the fact that its property is "located across a major roadway from Kmart, and downstream."[1]

While it is true that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," it is also true that "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2006) (bracketing omitted). Here, Kmart alleges that MRAC paved its lot without installing or maintaining sufficient drainage to prevent stormwater from flowing toward or backing up into Kmart's nearby store, resulting in flooding that damaged its personal property there. That is hardly the kind of "unadorned, the-defendant-unlawfully-harmed-me

---

[1] The complaint alleges that MRAC's property is located on the same side of the street as the Kmart (both addresses are identified by odd numbers), and says nothing about which property is downstream from the other. So MRAC, to show that it is in fact located across the street and downstream from the Kmart store, relies on materials outside the pleadings, including an affidavit by one of its members and a series of maps. In considering a motion to dismiss, of course, a "court may properly consider only facts and documents that are part of or incorporated into the complaint." Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 321 (1st Cir. 2008). But because Kmart acknowledges in its response to the motion to dismiss that its store is indeed located across the street and upstream from MRAC's land, the court will consider those facts to be undisputed for purposes of the motion.

accusation" that fails to state a claim for relief.  Iqbal v. Ashcroft, 129 S. Ct. 1937, 1949 (2009).

Contrary to MRAC's suggestion, then, Kmart need not have further specified in its complaint how the drainage system was inadequate or how it caused the flooding to state claims for trespass or negligence.  Compare Miller v. Se. Supply Header, LLC, No. 09-0067, 2010 WL 55637, at *3 (S.D. Ala. Jan. 4, 2010) (applying the Twombly/Iqbal standard in denying a motion to dismiss a negligence claim arising out of flooding on plaintiffs' property because "the facts have been sufficiently developed . . . to draw the reasonable inference that the defendant is liable for the misconduct alleged") with Vill. of DePue, Ill. v. Viacom Int'l, Inc., 632 F. Supp. 2d 854, 864-65 (applying the Twombly/Iqbal standard in dismissing a trespass claim that alleged only the migration of substances from the defendants' property without alleging any tortious conduct).  As Kmart points out, MRAC's demands for "specificity" seem to invoke Rule 9(b)'s heightened pleading standard for claims of fraud and mistake as opposed to Rule 8's requirement for a "short and plain statement showing the pleader is entitled to relief"--which, again, "'does not require detailed factual allegations.'"  Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555).

Similarly, while "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on in its face,'" this "standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570). At best, MRAC's point that its land is located across the street and downstream from the Kmart store tends to make the claim that activities on MRAC's property caused flooding at the Kmart less probable than it might have been if MRAC's land were situated next to and upstream from the store. But the actual location of MRAC's parcel vis-a-vis the Kmart does not make the claim "implausible on its face."

Indeed, the complaint expressly alleges that MRAC's actions caused water to "back up" toward Kmart's store. That scenario is hardly "implausible" as a matter of the "judicial experience and common sense" that come into play in applying the plausibility standard.[2]  Id. at 1949-50.

---

[2]As Kmart points out, there are a number of reported cases considering the merits of trespass claims based on flooding caused by downstream activities. See, e.g., Bethel Inv. Co. v. City of Hampton, 636 S.E.2d 466, 468 (Va. 2006); Mack v. Edens, 412 S.E.2d 431, 432-33 (S.C. App. Ct. 1991); Guenther v. Finley, 769 P.2d 717, 718 (Mont. 1989); Dial v. City of O'Fallon, 411 N.E.2d 217, 220-21 (Ill. 1980); see also Restatement (Second) of Torts § 158 cmt. b ill. 5 (1965) ("A erects a dam across a

Finally, MRAC's argument that its alleged conduct "may be explained as actions that MRAC took to lawfully address the issue of water flowing onto its property" turns the plausibility standard on its head.[3] Again, under that standard, dismissal for failure to state a claim is appropriate only if "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id. at 1950. It is not appropriate in the opposite case, i.e., if the complaint simply permits (but does not compel) the court to infer that the defendant acted lawfully. Cf. Ark. Pub. Employees Ret. Sys. v. GT Solar Int'l, Inc., 2009 DNH 149, 10 & n.7 ("[a]t most . . . if the facts alleged in a complaint could support either an inference of wrongdoing or an 'obvious alternative explanation' then the plausibility standard requires the court to choose the 'obvious alternative explanation'") (quoting Twombly, 550 U.S. at 567).

---

stream, thereby intentionally causing water to back up and flood the land of B, an upper riparian proprietor. A is a trespasser.") (emphasis added). So "judicial experience" teaches that such claims are quite plausible (if not always successful, but that is a different question).

[3]Under New Hampshire law, "[a] landowner may manage or control diffuse surface water in any manner, provided it is reasonable in light of the interests affected thereby"--a standard that incorporates a number of factors, such as "the extent of the alteration of natural or existing runoff patterns, the importance and nature of the land and its use, and the foreseeability and magnitude of any resulting damage." Dudley v. Beckey, 132 N.H. 568, 570 (1989).

Accordingly, MRAC's motion to dismiss[4] is DENIED.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  February 19, 2010

cc:   John McCabe, Esq.
      Nicholas Novak, Esq
      Jamie N. Hage, Esq.
      Donna Feeney, Esq.
      Andrew D. Dunn, Esq.
      Anthony M. Camp, Esq.
      Thomas J. Fay, Esq.

---

[4]Document no. 18.